CITY OF CUYAHOGA FALLS, APPELLEE, *v.* WUCHTER, APPELLANT.

[Cite as Cuyahoga Falls v. Wuchter (1972), 31 Ohio App. 2d 71.]

(No. 6914—Decided August 2, 1972.)

*Mr. Richard N. Williams,* for appellee.

*Messrs. Alpeter, Diefenbach, Davies, Koerber & Lewis,* for appellant.

HUNSICKER, J. There is no transcript of testimony in this case, but the following facts are stated in the trial court's separate findings of fact and conclusions of law, or properly deduced therefrom.

On June 16, 1971, the defendant, Gerald Gregg Wuchter (appellant herein), was driving a motor vehicle near

the intersection of Newberry Street and Tallmadge Road in the city of Cuyahoga Falls, Ohio, and, after a traffic light change at that intersection, he proceeded to make a left turn from Newberry Street onto Tallmadge Road, when the vehicle ahead of him suddenly stopped, and Wuchter made contact with that automobile. Neither the person operating that vehicle nor Wuchter knew, or believed at that time, that any damage had occurred to either automobile. Wuchter did not get out of his car. It is obvious from the findings of the court that Wuchter was in the intersection and, undoubtedly, blocking traffic. The vehicle with which Wuchter came into contact was also making the same left turn from Newberry Street onto Tallmadge Road, immediately in front of Wuchter.

On the following morning, June 17, 1971, Wuchter noted a dented fender and, before going to work, went to the police department of Cuyahoga Falls and made a report of the accident. On June 24, 1971, an officer of the Cuyahoga Falls police department investigated the occurrence herein and thereupon discovered that a report of the accident had been made by Wuchter to the police on the morning after the event. That officer then filed an affidavit against Wuchter charging him with leaving the scene of an accident, and an arrest duly followed.

The trial court determined that Wuchter admitted contact with the vehicle ahead of him but, also, found that neither Wuchter, nor the operator of the other vehicle had knowledge of any damage as a result of such contact. The court found that Wuchter was guilty of a violation of Cuyahoga Falls ordinance 335.12, which contains the same language as used in R. C. 4549.02.

R. C. 4549.02 reads:

"In case of accident to or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereon of any motor vehicle, the person so driving or operating such motor vehicle, having knowledge of such accident or collision, shall immediately stop his motor vehicle at the scene of the accident or collision and shall remain at the scene of such accident or colli-

sion until he has given his name and address and, if he is not the owner, the name and address of the owner of such motor vehicle, together with the registered number of such motor vehicle, to any person injured in such accident or collision or to the operator, occupant, owner, or attendant of any motor vehicle damaged in such accident or collision, or to any police officer at the scene of such accident or collision.

"In the event the injured person is unable to comprehend and record the information required to be given by this section, the other driver involved in such accident or collision shall forthwith notify the nearest police authority concerning the location of the accident or collision, and his name, address, and the registered number of the motor vehicle he was operating, and then remain at the scene of the accident or collision until a police officer arrives, unless removed from the scene by an emergency vehicle operated by a political subdivision or an ambulance.

"If such accident or collision is with an unoccupied or unattended motor vehicle, the operator so colliding with such motor vehicle shall securely attach the information required to be given in this section, in writing, to a conspicuous place in or on said unoccupied or unattended motor vehicle."

For a collation of cases bearing on the subject herein see 23 A. L. R. 3d 509 *et seq.*

The trial Judge imposed (so far as we are able to determine from an incomplete transcript), a fine of $125 and 10 days in jail, 7 days of which were suspended, and a license (presumably a driver's license) suspension of 30 days.

It is the claim of the defendant, Wuchter, that, under the terms of the ordinance, the person driving a motor vehicle must have knowledge of an accident or collision before the terms of the ordinance become operative, and that contact with a motor vehicle, where neither party knew of damage, nor believed that damage had occurred to either vehicle at the time of contact, does not provide the "knowledge" requirement of the ordinance. The witness,

other than the parties who supplied police with the license number, did not hear the contact or see any damage to either automobile, although he was but a short distance back of the Wuchter automobile.

The specific requirements of the ordinance enjoined upon a claimed violator are:

(1) An accident or collision.

(2) Knowledge by the offending driver of such accident or collision.

(3) A failure to stop.

(4) A failure to remain at the scene.

(5) A failure to remain until such offending driver gives his name and address to the operator of any motor vehicle damaged in such accident or collision.

Wuchter did stop and did remain at the scene for a short period of time and neither party had knowledge of damage. The ordinance applies only where there is knowledge of damage, not when there has been a coming together of two motor vehicles and neither party knows of any damage having been inflicted.

It is apparent that one of the elements necessary to establish guilt is not only lacking, but the facts to the contrary were found by the trial court. In such a situation, a judgment of guilty is contrary to law and must be reversed.

The judgment is reversed and the defendant is discharged.

*Judgment reversed.*

DOYLE, P. J., and VICTOR, J., concur.

HUNSICKER, J. (Retired. Assigned to active duty under authority of Section 6(c), Article IV, Constitution.)