The STATE of Ohio, Appellee,

v.

MAIORIELLO, Appellant.

[Cite as *State v. Maioriello* (1992), 73 Ohio App.3d 350.]

Court of Appeals of Ohio,
Stark County.

No. CA–8584.

Decided Jan. 13, 1992.

---

*Frank Forchione*, Assistant City Prosecutor, for appellee.
*Daniel B. Mills*, for appellant.

---

GWIN, Judge.

Defendant, Richard P. Maioriello ("appellant"), appeals from the judgment of conviction and sentence entered upon a jury's verdict finding appellant guilty of failing to stop after an accident for the exchange of identification and vehicle registration, in violation of R.C. 4549.02. Appellant assigns the following as error:

"I. The jury's verdict was contrary to law in finding the defendant guilty when the operator of the other vehicle informed the defendant that he was not hurt and there was no damage to his vehicle and the defendant left the scene of the accident with that information.

"II. The trial court erred in overruling the defendant's motion for acquittal at the close of the state's case.

"III. The trial court erred in overruling the defendant's motion for new trial.

"IV. The trial court erred to the prejudice of the defendant in failing to allow defense counsel to inquire and establish that the truck owned by Petrocon, Inc. did not sustain any loss of value, was made less valuable, less useful, or less desirable.

"V. The trial court erred to the prejudice of the defendant in failing to instruct the jury as requested by the defendant."

On December 6, 1990, at approximately 1:25 p.m., appellant was driving a white Ford Taurus north on Willowdale Road, a narrow, two-lane, public road. Upon reaching the crest of a hill on Willowdale, appellant's motor vehicle came into contact with an oncoming pickup truck owned by Petrocon, Inc., and driven by Ronald Mark Clingerman, an employee of Petrocon. After the sideswipe-type collision occurred, appellant stopped his vehicle approximately seventy-five feet on the north side of the hill while Clingerman stopped on the south side of the hill.

As appellant was inspecting the damage to his car, Mark Bonchu, another employee of Petrocon, arrived and advised appellant that Clingerman was stopped on the other side of the hill. Appellant walked over the hill to the

Petrocon pickup truck and inquired whether there was any damage to the truck. There is contradictory evidence as to what occurred next.

According to Clingerman, he responded to appellant's inquiry by stating that appellant "broke a fitting on the truck" and showed appellant the damage. Appellant stated that he was in a hurry, that he would report his damage to his own insurance company, and proceeded to walk back to his car and leave the scene without offering or exchanging his name, address or motor vehicle registration number.

According to appellant, Clingerman claimed that a "stop cock" was bent but that it was no problem. Appellant continued:

"I said I will have to have my insurance company take care of my part. I'm in a hurry I have to get moving. I turned around and the second gentleman in the truck said well if that's the way you want to handle it, that's o.k. with us and I turned around and went to work."

The Ohio State Highway Patrol was contacted and given appellant's license plate number. After conducting an investigation, appellant was charged with violating R.C. 4549.02, which provides in pertinent part:

"In case of accident to or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereon of any motor vehicle, the person so driving or operating such motor vehicle, having knowledge of such accident or collision, shall immediately stop his motor vehicle at the scene of the accident or collision and shall remain at the scene of such accident or collision until he has given his name and address and, if he is not the owner, the name and address of the owner of such motor vehicle, * * * to any person injured in such accident or collision or to the operator, occupant, owner, or attendant of any motor vehicle damaged in such accident or collision, or to any police officer at the scene of such accident or collision."

## Assignment of Error Nos. I, II, III, IV and V

We shall address all of appellant's assignments together, for each claims the trial court erred in entering the within judgment of conviction against him because he had no knowledge of damage to Petrocon's truck at the time of the accident and prior to his leaving the scene. In support of his position, appellant directs us to *Cuyahoga Falls v. Wuchter* (1972), 31 Ohio App.2d 71, 60 O.O.2d 167, 286 N.E.2d 322, wherein the court held that a conviction under R.C. 4549.02 is contrary to law if there is no proof as to knowledge of damage.

The language in the charging statute itself conditions its applicability to the alleged offender's motor vehicle causing personal injury and/or property damage to another motor vehicle or the occupants therein.

Accordingly, it is appellant's contention that he cannot be convicted of failing to stop after an accident pursuant to R.C. 4549.02 because Clingerman claimed neither injury nor damage to himself or Petrocon's pickup truck prior to appellant leaving the accident scene.

The record discloses no claim of injury arising from the accident. Therefore, our review is limited to the issue of whether sufficient, competent, and credible evidence was offered at trial to establish beyond a reasonable doubt appellant's knowledge that at the time of the accident Petrocon's truck sustained damage.

"Damage" is defined as "every loss or diminution of what is a man's own, occasioned by the fault of another." Black's Law Dictionary (5 Ed.1979) 351.

 As a reviewing court, we cannot substitute our judgment on disputed facts for that of the trier of fact. *State v. Lundy* (1987), 41 Ohio App.3d 163, 171, 535 N.E.2d 664, 673. Here, the issue of appellant's knowledge prior to leaving the accident scene is disputed. The following testimony was offered in the state's case-in-chief by way of Clingerman:

"He got out of his car and walked over and said, 'Do you have any damage.' I said you broke a fitting on the truck. He asked me if I was going to make an accident report. I said I would have to contact my supervisor. * * *

" * * *

" * * * [T]he fitting that was busted I got the price on it. It's a dollar for the fitting.

" * * *

"There is a one inch pipe that comes out from our pump that we use high pressure and when the car caught that it bent in sideways it snapped one fitting where it joins into the pump. * * *

" * * *

"I'm speaking the truth. They [*sic*] broke a one inch fitting that cost a dollar. That's the bottom line.

" * * *

"Well it was broke and it kept me from doing the job. The truck had to be taken clean back to Alliance to be fixed.

" * * *

"It was minimal damage."

From the above, the state presented sufficient, competent and credible evidence which could convince the average mind beyond a reasonable doubt that the within accident caused damage to the Petrocon truck and appellant

knew of same prior to leaving the accident scene. Although appellant vehemently asserts that he lacked such knowledge, that is a matter for a trier of fact to determine from weighing the credibility of the witnesses.

■ Appellant's final argument involves a challenge of whether an "accident" in fact occurred which would trigger R.C. 4549.02. Appellant directs us to R.C. 4509.01(J), which defines "motor vehicle accident" as "any accident involving a motor vehicle which results in bodily injury to or death of any person, or damage to the property of any person in excess of four hundred dollars."

Here, the evidence established the resulting damage from the accident to be $1. Therefore, appellant asserts, where there is an accident which results in less than $400 in property damage, an accident or motor vehicle accident has not occurred which would trigger the within charging statute. We disagree.

First, appellant's argument fails to take into account the introductory language of R.C. 4549.02: "In case of accident to or collision with persons or property."

"Collision" is defined as:

"Striking together of two objects, one of which may be stationary. Act or instance of colliding; state of having collided. The term implies an impact or sudden contact of a moving body with an obstruction in its line of motion, whether both bodies are in motion or one stationary and the other, no matter which, in motion." Black's Law Dictionary (5 Ed.1979) 239–240.

Clearly, the facts in this case establish that a collision occurred resulting in one dollar's worth of damage. Appellant's reliance on the definition of "motor vehicle accident" in the financial responsibility section of the Revised Code is misplaced and does not alter the applicability of R.C. 4549.02 to the facts in this case.

For the foregoing reasons, we overrule each of appellant's assignments of error, affirm the judgment of the Canton Municipal Court, and remand this cause to that court for execution of sentence.

*Judgment affirmed.*

PUTMAN, P.J., and SMART, J., concur.