DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. The trial court found Charles McGraw, defendant below and appellant herein, guilty of third-degree felony failure to stop after an accident in violation of R.C. 4549.02.
 {¶ 2} Appellant raises the following assignment of error for review:
 "THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT A FINDING THAT DEFENDANT'S VIOLATION OF R.C. 4549.02(A) RESULTED IN THE DEATH OF A PERSON. THEREFORE, THE TRIAL *Page 2 
COURT ERRED IN FINDING THE DEFENDANT GUILTY OF A THIRD DEGREE FELONY."
 {¶ 3} On February 12, 2007, appellant's vehicle struck a pedestrian. Appellant did not stop. A nurse, however, observed the accident and provided assistance to the injured pedestrian until an emergency squad arrived. The pedestrian died approximately three and one-half hours later, after being life-flighted to Grant Medical Center in Columbus.
 {¶ 4} On February 23, 2007, the Ross County Grand Jury returned an indictment charging appellant with (1) second-degree felony aggravated vehicular homicide, in violation of R.C. 2903.06; (2) third-degree felony aggravated vehicular homicide, (3) third-degree felony failure to stop after an accident, in violation of R.C. 4549.02; and (4) endangering children, in violation of R.C. 2919.22.
 {¶ 5} Appellant filed a motion to dismiss the failure to stop after an accident count. He asserted that the indictment failed to state an essential element of the offense — that the violation resulted in the death of a person. The prosecution subsequently filed a second indictment that charged appellant with failure to stop after an accident. The trial court then ordered that the second indictment be substituted for count three in the original indictment. Later, appellant requested the court to sever the count for trial purposes and waived his right to a jury trial with respect to that count.
 {¶ 6} On October 10, 2007, the trial court found appellant guilty of third-degree felony failure to stop after an accident. On January 24, 2008, the court sentenced appellant to serve a three-year prison term. This appeal followed. *Page 3 
 {¶ 7} In his sole assignment of error, appellant argues that the record does not contain sufficient evidence to elevate his R.C. 4549.02(A) conviction to a third-degree felony. In particular, appellant contends that his violation of the statute did not result in the death of a person because there was no causal connection between his failure to remain at the scene and the victim's death.
 {¶ 8} When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. See State v. Thompkins (1997),78 Ohio St.3d 380, 386, 678 N.E.2d 541 (stating that "sufficiency is the test of adequacy"); State v. Jenks (1991), 61 Ohio St.3d 259, 273,574 N.E.2d 492. The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560; Jenks, 61 Ohio St.3d at 273. Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring).
 {¶ 9} When reviewing sufficiency-of-evidence claims, appellate courts must construe the evidence in a light most favorable to the prosecution. See State v. Hill (1996), 75 Ohio St.3d 195, 205, 661 N.E.2d 1068;State v. Grant (1993), 67 Ohio St.3d 465, 477, 620 N.E.2d 50. Reviewing courts will not overturn convictions on sufficiency-of-evidence claims unless reasonable minds could not reach the conclusion that the *Page 4 
trier of fact did. See State v. Tibbetts (2001), 92 Ohio St.3d 146,749 N.E.2d 226; State v. Treesh (2001), 90 Ohio St.3d 460, 739 N.E.2d 749.
 {¶ 10} In the case sub judice, we believe that the record contains sufficient evidence to supports appellant's conviction for third-degree felony failure to stop after an accident under R.C. 4549.02. The statute defines the offense as follows:
 (A) In case of accident to or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereon of any motor vehicle, the person driving or operating the motor vehicle, having knowledge of the accident or collision, immediately shall stop the driver's or operator's motor vehicle at the scene of the accident or collision and shall remain at the scene of the accident or collision until the driver or operator has given the driver's or operator's name and address and, if the driver or operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, to any person injured in the accident or collision or to the operator, occupant, owner, or attendant of any motor vehicle damaged in the accident or collision, or to any police officer at the scene of the accident or collision.
 In the event the injured person is unable to comprehend and record the information required to be given by this section, the other driver involved in the accident or collision forthwith shall notify the nearest police authority concerning the location of the accident or collision, and the driver's name, address, and the registered number of the motor vehicle the driver was operating, and then remain at the scene of the accident or collision until a police officer arrives, unless removed from the scene by an emergency vehicle operated by a political subdivision or an ambulance.
 If the accident or collision is with an unoccupied or unattended motor vehicle, the operator who collides with the motor vehicle shall securely attach the information required to be given in this section, in writing, to a conspicuous place in or on the unoccupied or unattended motor vehicle.
 (B) Whoever violates division (A) of this section is guilty of failure to stop after an accident, a misdemeanor of the first degree. If the violation results in serious physical harm to a person, failure to stop after an accident is a felony of the fifth degree. If the violation results in the death of a person, failure to stop after an accident is a felony of the third degree. The court, in addition to any other penalties provided by law, shall impose upon the offender a class five suspension of the offender's driver's license, commercial driver's license, temporary instruction permit, *Page 5 
probationary license, or nonresident operating privilege from the range specified in division (A)(5) of section 4510.02 of the Revised Code. No judge shall suspend the first six months of suspension of an offender's license, permit, or privilege required by this division. (emphasis added)
Thus, under R.C. 4549.02(B), the violation is a third-degree felony when "the violation results in the death of a person." In the case sub judice, appellant disputes that his violation of R.C. 4549.02(A) resulted in the victim's death. He argues that because his presence at the scene of the accident would not have altered the victim's fate, then his failure to remain at the accident scene did not result in the victim's death.
 {¶ 11} The Eighth District Court of Appeals has considered and rejected this same argument. See State v. Osborne, Cuyahoga App. No. 88453, 2007-Ohio-3267, reversed on other grounds, 116 Ohio St.3d 1228,2008-Ohio-261, 880 N.E.2d 921. In Osborne, the defendant failed to stop after an accident and the person he hit died at the scene. The prosecution subsequently charged him with third-degree felony failure to stop after an accident. After his conviction, the defendant appealed and argued, similarly to appellant in the case sub judice, that his failure to stop did not result in the person's death. The appellate court disagreed. The court rejected the defendant's argument that "results" as used in the statute requires a showing that the R.C. 4549.02(A) violation was the cause of the person's death. The court instead determined that the legislature deliberately chose the word "results" instead of "cause" because it intended to encompass R.C. 4549.02(A) violations that did not necessarily physically cause the person's death, but rather bore a logical relation to the person's death. The court stated:
 "In Webster's New Collegiate Dictionary, when used as a verb, [`results'] is defined as something that `arise[s] as a consequence.' In *Page 6 
turn, the word `consequence' may be either direct or indirect. On the other hand, the verb `cause' indicates an antecedent which `brings about' that which follows.
 Thus, the statute seeks to hold the offender responsible for his ensuing actions. Presumably, the legislature understood the difference in meaning between `causes' and `results' and chose the statutory word `results,' mindful that, often, the other person involved in the accident is the first, if not the only person, on the scene who is available to render aid to the victim."
Id. at 22-23.
 {¶ 12} The Osborne court ultimately concluded that the following evidence sufficiently proved that the defendant's failure to stop "resulted" in the person's death: (1) the collision occurred when the defendant's vehicle struck the victim; (2) the collision broke the victim's spine and aorta; and (3) the coroner ruled that the victim died at the scene.
 {¶ 13} We agree with the Osborne court's analysis of the term "results." Indeed, the Osborne court's definition of "results" is essentially the same one appellant cites in his brief fromTomlinson v. Skolnik (1989), 44 Ohio St.3d 11, 13, 540 N.E.2d 716, overruled by Schaefer v. Allstate Ins. Co. (1996), 76 Ohio St.3d 553,668 N.E.2d 913 (defining "`result,' when used as an intransitive verb * * * as `1. To proceed, spring, or arise as a consequence, effect, or conclusion * * *.'"). The victim's death arose as a consequence of appellant's failure to stop after the accident. While his failure to stop may not have been a direct or but-for cause of the victim's death, it was one of the consequences. The statute does not require that the failure to stop directly cause the victim's death. Thus, sufficient evidence exists that appellant's violation of R.C. 4549.02 resulted in the victim's death.
 {¶ 14} Accordingly, based upon the foregoing reasons, we overrule appellant's *Page 7 
sole assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.