The STATE of Ohio, Appellee,

v.

WEST, Appellant.

[Cite as *State v. West*, 190 Ohio App.3d 575, 2010-Ohio-5529.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2010–04–080.

Decided Nov. 15, 2010.

Robin N. Piper III, Butler County Prosecuting Attorney, and Lina N. Alkamhawi, Assistant Prosecuting Attorney, for appellee.

Gary A. McGee, for appellant.

---

YOUNG, Presiding Judge.

{¶ 1} Defendant-appellant, Dustin West, appeals his conviction in the Butler County Area I Court for leaving the scene of an accident.

{¶ 2} In September 2009, appellant was charged with leaving the scene of an accident in violation of R.C. 4549.02 (other charges against appellant were later dismissed). The charge stemmed from an incident on September 16, 2009, in which appellant failed to stop and left the scene of an accident without providing his name, address, and vehicle-registration number after his car came into contact with Loree Trammell's car. A bench trial revealed the following facts:

{¶ 3} Appellant is Trammell's former boyfriend. Although their relationship ended in May 2009, they stayed in touch and on the night of September 16, 2009, were sending text messages to one another. Appellant was inquiring about Trammell's whereabouts and who was with her. Within seconds of informing him she was at a particular store, appellant's car "was right parallel to [her] car." After seeing a male passenger in Trammell's car, appellant became "frantic" and started yelling at Trammell. Trammell tried to drive off but appellant drove parallel to her. At a stop sign, in an attempt to get out of the situation, Trammel tried several times to drive forward then put her car in reverse, but each time, appellant mimicked her driving. Eventually, appellant blocked her car. Appellant got out of his car, screamed at Trammell, returned to his car, and sped off. As he sped off, the front side of his car hit the front side of Trammell's car. Appellant did not stop and left the scene of the accident without providing his name, address, and registration information. Neither Trammell nor appellant was injured.

{¶ 4} Trammel drove to a police station to report the accident. There, a police officer observed scratches on the front side of Trammell's car. Trammell left the police station and sent a text message to appellant telling him he had hit her car and that he would pay for the damage. The next day, the officer met and talked with appellant. The officer observed scratches on appellant's car that matched the scratches on Trammell's car. The officer did not take pictures of either car.

{¶ 5} Appellant denied being involved in the driving incident or being at the scene of the accident. Rather, appellant testified that he was smoking cigars at a fraternity house with a friend at the time of the incident. Appellant denied that

his car had any damage. Photos he took of his car several days after the incident showed no damage to the car.

{¶ 6} On March 4, 2010, the trial court found appellant guilty of leaving the scene of the accident in violation of R.C. 4549.02 and sentenced him accordingly.

{¶ 7} Appellant appeals, raising one assignment of error:

{¶ 8} "The trial court erred in finding defendant guilty of leaving the scene of an accident."

{¶ 9} Appellant challenges his conviction under R.C. 4549.02 on two grounds. First, appellant contends that the statute directs drivers to identify themselves. Because he and Trammell knew one another, appellant contends that the parties did not need to exchange information prior to his leaving the scene of the accident. Second, appellant challenges whether an accident or collision in fact occurred under R.C. 4549.02, as there was no damage to his car and the damage to Trammell's car was minimal.

{¶ 10} R.C. 4549.02(A) provides:

{¶ 11} "In case of accident to or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereon of any motor vehicle, the person driving or operating the motor vehicle, having knowledge of the accident or collision, immediately shall stop the driver's or operator's motor vehicle at the scene of the accident or collision and shall remain at the scene of the accident or collision until the driver or operator has given the driver's or operator's name and address and, if the driver or operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, to any person injured in the accident or collision or to the operator, occupant, owner, or attendant of any motor vehicle damaged in the accident or collision, or to any police officer at the scene of the accident or collision."

{¶ 12} Appellant first argues that the trial court erred in finding him guilty under R.C. 4549.02. Appellant asserts that because he and Trammel knew one another, they did not need to exchange information under the statute prior to his leaving the scene of the accident. We disagree.

{¶ 13} One of the purposes of R.C. 4549.02 is to require individuals involved in traffic accidents to give sufficient information to allow law-enforcement officials to contact that individual if an investigation of the accident is conducted. See *State v. Bowman* (Dec. 6, 2001), Franklin App. No. 01AP–514, 2001 WL 1548796. R.C. 4549.02 is a statute aimed at preventing harm to society as a whole rather than to a particular victim, see *State v. Byrd*, Belmont App. No. 04 BE 40, 2005-Ohio-2720, 2005 WL 1301768, and seeks to hold offenders

responsible for their ensuing actions. See *State v. McGraw*, Ross App. No. 08CA3009, 2008-Ohio-6134, 2008 WL 5046811.

{¶ 14} The plain language of R.C. 4549.02 requires all drivers involved in an accident or collision to *remain at the scene of the accident or collision until* all necessary information, as set forth in the statute, is obtained either by the persons involved or by the police. R.C. 4549.02(A); *State v. Williams* (1997), 79 Ohio St.3d 1, 14, 679 N.E.2d 646 (R.C. 4549.02 requires a driver involved in a collision on a public street to stay at the scene until he or she has given his or her name, address, and registration number to the other driver, to any injured party, or to a police officer); *Kish v. Cent. Natl. Ins. Group* (1981), 67 Ohio St.2d 41, 42, 21 O.O.3d 26, 424 N.E.2d 288, fn. 1 (R.C. 4549.02 requires that motorists involved in a traffic accident must stop at the scene of the accident and exchange identities and vehicle-registration information).

■ {¶ 15} Notwithstanding appellant's assertion and his reliance on *State v. Provino*, 175 Ohio App.3d 283, 2007-Ohio-6974, 886 N.E.2d 888, we find that R.C. 4549.02 does not, implicitly or expressly, provide for the exception advocated by appellant.[1] Were we to read the statute as construed by appellant, we would in effect be usurping the legislative function by amending R.C. 4549.02(A) to include "unless the parties involved in the accident or collision know one another" as an additional element. We refuse to do so. It is not the function of the courts to rewrite statutes so as to insert exceptions or additional elements that might have been intended to be included but were not in fact included. See *State v. Gray* (Feb. 1, 1993), Butler App. No. CA92–06–113, 1993 WL 19088. We find that the Ohio Supreme Court's decision in *Williams*, 79 Ohio St.3d 1, 679 N.E.2d 646, although distinguishable, supports our decision (the *Williams* court held that despite the fact that appellant was being shot at when he fled, a police officer still had probable cause to arrest him for a violation of R.C. 4549.02). See also *Wilmington v. Cooper* (Feb. 3, 1992), Clinton App. No. CA91–02–002, 1992 WL 17797 (once defendant was aware that his wife was not seriously injured and the exigency no longer existed, he had a duty to report the accident).

---

1. In *Provino*, Frank Provino was driving the car of a friend with the friend's permission when he slid the car into a ditch. Provino left the car in the ditch and left the scene. On appeal, Provino challenged his conviction under R.C. 4549.02, following his no-contest plea to the charge, on the grounds that there was in fact no accident or collision with persons or property and there was nobody at the scene to whom he could have given the information. The Third Appellate District reversed Provino's conviction. The appellate court held that the explanation of circumstances given by the prosecutor at the no-contest plea hearing was not sufficient to prove a violation of R.C. 4549.02 as "Provino was involved only in a one-car accident with no pedestrian being hit." Id. at ¶ 11. Further, "the only person who suffered any injury * * * was the owner of the vehicle because the left side of the Envoy was damaged. However, the owner already knew Provino's identity because he had allowed Provino to use the vehicle." Id. at ¶ 12.

{¶ 16} In light of the foregoing, we find the fact that the parties knew one another at the time of the accident did not excuse appellant's failure to stop and his leaving the scene of the accident without providing all necessary information as set forth in R.C. 4549.02 to either Trammell or a police officer.

{¶ 17} Appellant also challenges whether an accident or collision in fact occurred under R.C. 4549.02 as there was no damage to his car and the damage to Trammell's car was minimal.

{¶ 18} In support of his argument, appellant relies on R.C. 4509.01(J), which defines "accident" or "motor vehicle accident" as "any accident involving a motor vehicle which results in bodily injury to or death of any person, or *damage to the property of any person in excess of four hundred dollars.*" (Emphasis added.) Appellant also relies on the following comment under Section 749.02 of the Ohio Jury Instructions: "The Committee believes that the terms 'accident' and 'collision' are used synonymously in R.C. 4549.02."

{¶ 19} Appellant's reliance on the definition of accident in R.C. 4509.01(J) is misplaced. *State v. Maioriello* (1992), 73 Ohio App.3d 350, 354, 597 N.E.2d 185. Given the unequivocal introductory language of R.C. 4509.01 ("As used in sections 4509.01 to 4509.78 of the Revised Code"), the term "accident" as defined in R.C. 4509.01(J) applies neither to the case at bar nor to any scenario under R.C. 4549.02.

{¶ 20} Nor do we feel bound by the Jury Instructions Committee's comment cited by appellant. See *State v. Singfield,* 183 Ohio App.3d 625, 2009-Ohio-4172, 918 N.E.2d 187 (while helpful, Ohio Jury Instructions are not binding legal authority). " 'Collision' is defined as '[s]triking together of two objects, one of which may be stationary. Act or instance of colliding; state of having collided. The term implies an impact or sudden contact of a moving body with an obstruction in its line of motion, whether both bodies are in motion or one stationary and the other, no matter which, in motion.' " *Maioriello* at 354, 597 N.E.2d 185, quoting Black's Law Dictionary (5th Ed.1979) 239–240.

{¶ 21} The term " '[a]ccident,' requiring operator of vehicle to stop immediately in case of accident, contemplates any situation occurring on the highway wherein driver so operates his automobile as to cause injury to the property or person of another using the same highway." Black's Law Dictionary (6th Ed.1990), 15. Neither definition requires damage to a property to be significant; neither definition includes a monetary value for damage to property.

{¶ 22} In the case at bar, the parties' vehicles came into contact resulting in damage, albeit minimal, to Trammell's car. Thus, the facts in this case establish that an accident or a collision occurred resulting in damage to one of the cars. As a result, the trial court properly applied R.C. 4549.02(A) and did not err

in finding appellant guilty under the statute. See *Maioriello* (conviction under R.C. 4549.02 upheld following a collision between two cars resulting in one dollar's worth of damage to one of the cars); *State v. Platfoot*, 183 Ohio App.3d 349, 2009-Ohio-3769, 916 N.E.2d 1147 (conviction under R.C. 4549.02 upheld when the driver's side of a car and the passenger side of another car collided as the vehicles traveled alongside one another); and *State v. Hill* (Jan. 21, 2000), Montgomery App. No. 17875, 2000 WL 43706 (conviction under R.C. 4549.02 upheld when a van rolled back and hit a car behind it resulting in a scratch on the car's front bumper).

{¶ 23} The assignment of error is accordingly overruled.

{¶ 24} The judgment is affirmed.

Judgment affirmed.

RINGLAND and HENDRICKSON, JJ., concur.