[Cite as *Tallmadge v. Gray*, 2012-Ohio-4429.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| CITY OF TALLMADGE | C.A. No. 26122 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHRISTOPHER A. GRAY | STOW MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 2011TRD2578 |

DECISION AND JOURNAL ENTRY

Dated: September 28, 2012

MOORE, Presiding Judge.

{¶1} Defendant, Christopher A. Gray, appeals from his conviction in the Stow Municipal Court for failure to stop after an accident. This Court reverses.

I.

{¶2} On March 19, 2011, Mr. Gray rear-ended Ms. Dorothy L. Prusha's vehicle, which Ms. Prusha was driving and in which her adult daughter ("Daughter") was a passenger. Based upon the events that followed, Mr. Gray was charged with failure to stop after an accident in violation of Tallmadge Codified Ordinance ("Loc.Ord.") 335.12 and failure to maintain an assured clear distance ahead in violation of Loc.Ord. 333.03. During the trial court proceedings, Mr. Gray conceded his guilt as to his failure to maintain an assured clear distance. As to the remaining charge for failure to stop after an accident, the parties agreed to present the case to the trial court for resolution upon stipulations of the facts that follow.

**{¶3}** On the date at issue, Ms. Prusha and her daughter were travelling eastbound on West Howe Road and were stopped in traffic behind a car that was attempting to make a left turn. At that time, Mr. Gray, who was driving his pickup truck eastbound on West Howe Road, collided with the rear of Ms. Prusha's stopped car. Mr. Gray, Ms. Prusha, and her daughter exited their vehicles and walked to the rear of Ms. Prusha's car "to see how much damage had occurred." Mr. Gray suggested to Daughter that they exchange information. However, she declined and said she was calling the police. Mr. Gray said, "Well no one is hurt and no [sic] damage to car," and Daughter again responded, "No, I'm calling the police." Mr. Gray then walked back to his truck and drove away. Although an officer who arrived on the scene was able to observe the impression of Mr. Gray's license plate number on the rear bumper of Ms. Prusha's car, neither Ms. Prusha, her daughter, nor Mr. Gray observed any damage to Ms. Prusha's car at the scene while Mr. Gray was present. Further, Mr. Gray did not believe that any damage or injuries had occurred as a result of the collision. The cost to repair Ms. Prusha's bumper was $388.62.

**{¶4}** After consideration of the stipulated facts, the Stow Municipal Court found Mr. Gray guilty of both charges and issued sentence, which it stayed pending appeal. Mr. Gray timely appealed his conviction for failure to stop after an accident and presents three assignments of error for our review.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING [MR. GRAY] GUILTY OF VIOLATING [LOC.ORD.] 335.12 (STOPPING AFTER AN ACCIDENT UPON STREETS) WHERE [HE] STOPPED AFTER THE ACCIDENT AND WHERE BOTH PARTIES STIPULATED THAT NEITHER PARTY OBSERVED ANY DAMAGE TO THE VEHICLE AND [MR. GRAY] BELIEVED THAT NO DAMAGE OR INJURIES HAD OCCURRED.

{¶5} In his first assignment of error, Mr. Gray argues that the trial court erred as a matter of law in finding him guilty of failing to stop after an accident based upon the evidence as stipulated. We agree.

{¶6} Loc.Ord. 335.12 requires a driver who is knowingly involved in a roadway collision to stop his vehicle and to remain at the scene of the collision. In regard to the obligation to stop, Loc.Ord. 335.12(a) provides,

> In case of accident to or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereon of any motor vehicle, the person driving or operating the motor vehicle, having knowledge of the accident or collision, immediately shall stop the driver's or operator's motor vehicle at the scene of the accident or collision and shall remain at the scene * * *.

{¶7} Loc.Ord. 335.12(a) provides that this obligation to remain at the scene continues until,

> the driver or operator has given the driver's or operator's name and address * * * together with the registered number of that motor vehicle, to any person injured in the accident or collision or to the operator, occupant, owner or attendant of any motor vehicle damaged in the accident or collision, or to any police officer at the scene of the accident or collision.

{¶8} Here, the parties do not dispute that Mr. Gray stopped his truck after the collision. Instead, the issue in dispute is whether Mr. Gray remained at the scene in accordance with Loc.Ord. 335.12(a). As set forth above, the obligation to remain at the scene continues until the driver has provided his name, address, and registration number to one of the three groups of people designated under the statute: (1) persons injured by the collision, (2) an operator, occupant, owner or attendant of a vehicle damaged by the collision, or (3) a police officer at the scene.

{¶9} Neither party argues that any person was injured in the collision, and the parties agree that Mr. Gray left the scene prior to the arrival of police officers. Therefore, Loc.Ord.

335.12 obligated Mr. Gray to remain at the scene until he had provided the required information to "the operator, occupant, owner or attendant of any motor vehicle damaged in the accident or collision." Although Ms. Prusha's car was in fact damaged by the collision, Mr. Gray contends that he was not required to remain at the scene because he had no knowledge that her car was damaged.

{¶10} This Court's previous cases involving ordinances analogous to the one at issue here have required the prosecution to prove that *the defendant* was, or should have been, aware of the damage or injury to sustain a conviction. *See Cuyahoga Falls v. Wuchter*, 31 Ohio App.2d 71 (9th Dist.1972) (conviction could not be sustained where defendant did not learn of damage to vehicle until day following collision), *State v. Shroeder*, 9th Dist. No. 624, 1976 WL 188788, *1-2 (June 3, 1976) (defendant's knowledge of damage or injury required to be proven to sustain conviction), and *State v. McVeigh*, 9th Dist. No. 14590, 1990 WL 177442, *2 (Nov. 7, 1990) (hit-skip ordinance inapplicable where "defendant did not know there was damage to any of the vehicles.").

{¶11} Here, the parties stipulated that "[Mr.] Gray did not observe any damage to [Ms. Prusha's car] and believed that no damage or injuries occurred." Further, we cannot discern any facts from which the trial court could reasonably infer that Mr. Gray should have been aware of the damage. Pursuant to the parties' stipulations, Mr. Gray informed Daughter of his belief that there was no damage or injuries during the following exchange between them:

> [Mr.] Gray said, "Let's exchange information." [Daughter] said, "No, I'm calling the police."

> [Mr.] Gray said "Well no one is hurt and [sic] no damage to car." [Daughter] again said, "No, I'm calling the police."

{¶12} Although it is possible that Daughter intended her second response of "No, I'm calling the police" to indicate to Mr. Gray that she disagreed with Mr. Gray's assessment that no one was hurt and there was no damage to the vehicles, in context, we find it more likely that Daughter's second response of "No" was a reiteration of her refusal to exchange information. Our interpretation is further guided by the stipulated facts that Daughter had exited and walked to the rear of her mother's vehicle, and she observed no damage to the vehicle at the scene when Mr. Gray was present.

{¶13} However, even if Daughter had believed there to be damage to the car that she was unable to observe, it is relevant to our present inquiry only to the extent that it demonstrates whether *Mr. Gray* should have been aware of the damage. We cannot reasonably infer from the facts as stipulated that Mr. Gray should have interpreted her statements as indicating her belief of unobservable damage. Instead, as set forth above, her statements appear to indicate that she desired to call the police in lieu of exchanging information, from which we can infer nothing regarding whether Mr. Gray should have been aware of any damage. In any event, Daughter's preference is not determinative of Mr. Gray's obligations under the ordinance.

{¶14} Therefore, under the limited facts as stipulated in this case, we conclude that the City failed to produce evidence that Mr. Gray was aware or should have been aware of the damage prior to the time he left the scene, and thus the City failed to produce proof that Mr. Gray was required to exchange information with Ms. Prusha.

{¶15} In reaching this conclusion, we need not determine in this case the appropriate level of mental culpability applicable to a defendant's awareness of damage or injury, as we conclude that the City failed to submit *any* proof as to Mr. Gray's awareness of the circumstances that would have required him to remain at the scene. *Compare State v.*

*Maioriello*, 73 Ohio App.3d 350, 352-353 (5th Dist.1992) (interpreting this Court's decision in *Wuchter* as requiring the defendant to have "knowledge" of the damage or injury) *with North Olmsted v. Gallagher*, 2 Ohio App.3d 414, 416 (8th Dist.1981) (interpreting *Wuchter* as requiring only that the defendant have "knowledge" of the accident or collision, and upholding a conviction where injury was "a probable consequence" of the accident).

{¶16} Accordingly, we sustain Mr. Gray's first assignment of error to the extent that he argues that none of the three classes of individuals existed with whom he was required to exchange information at the time he left the scene, and, his conviction for failure to stop at the scene of an accident is not supported by the evidence of record. In regard to Mr. Gray's remaining arguments set forth in his first assignment of error, these arguments have been rendered moot, and we decline to address them. *See* App.R. 12(A)(1)(c).

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY CREATING ADDITIONAL FACTS WHEN THE PARTIES HAD STIPULATED TO THE FACTS AND NO EVIDENCE WAS PRESENTED.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY RELYING ON FACTS NOT STIPULATED TO AND THUS NOT IN EVIDENCE.

{¶17} In his second assignment of error, Mr. Gray argues that the trial court erred by creating facts to which the parties had not stipulated. Similarly, in his third assignment of error, Mr. Gray argues that the trial court erred by relying on facts that were not in evidence. As our disposition of Mr. Gray's first assignment of error renders his second and third assignments of error moot, we decline to address them. *See* App.R. 12(A)(1)(c).

III.

**{¶18}** Mr. Gray's first assignment of error is sustained to the extent that he argues that the City failed to produce proof that he was obligated to remain at the scene at the time of his departure therefrom. The remainder of Mr. Gray's first assignment of error, as well as his second and third assignments of error, are rendered moot. The judgment of the Stow Municipal Court convicting Mr. Gray of failure to stop after an accident is reversed.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

BELFANCE, J.
CONCURS.

DICKINSON, J.
DISSENTING.

{¶19} When this Court reviews whether the evidence in a case was sufficient to support a conviction, it must view the evidence "in a light most favorable to the prosecution." *State v. Jenks*, 61 Ohio St. 3d 259, paragraph two of the syllabus (1991). The majority has recognized that Ms. Prusha's daughter's statement of "No, I'm calling the police" could indicate "that she disagreed with Mr. Gray's assessment that no one was hurt and there was no damage to the vehicles." While that is the interpretation which is "most favorable to the prosecution," instead of following *Jenks*, the majority has adopted an interpretation of the facts that is more favorable to Mr. Gray.

{¶20} Although Mr. Gray may have genuinely believed that there was no damage to either vehicle, his decision to leave the scene of the collision before exchanging information was reckless. Not only did Ms. Prusha's daughter disagree with his damage assessment, the evidence supports an inference that his inspection of the vehicles was not particularly thorough. The stipulations establish that the collision occurred "[a]t or about" 3:44 p.m. After the collision, the occupants of the vehicles got out to look for damage. They spoke, and Mr. Gray returned to his truck and drove away. A witness followed him to his home then returned to the site of the collision and waited for police, who arrived at 3:49 p.m. With all of those events occurring within a matter of a few minutes, it can be inferred that Mr. Gray could not have done more than a cursory inspection of the vehicles for damage before he left the scene.

{¶21} Viewing the evidence in a light most favorable to the prosecution, the stipulations of fact contained sufficient evidence from which a rational trier of fact could conclude that Mr.

Gray violated Section 335.12 of the Codified Ordinances of the City of Tallmadge, Ohio. *State*

*v. Jenks*, 61 Ohio St. 3d 259, paragraph two of the syllabus (1991). Accordingly, I would affirm

the judgment of the Stow Municipal Court.


APPEARANCES:

KEITH R. HOFER, Attorney at Law, for Appellant.

PENNY TAYLOR, Director of Law, and MEGAN E. RABER, Assistant Director of Law, for Appellee.