[Cite as *Fairfield v. Eubanks*, 2014-Ohio-3781.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| CITY OF FAIRFIELD, | : | CASE NO. CA2013-11-207 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>9/2/2014 |
| - vs - | : | |
| | : | |
| MARIA GAIL RENEE EUBANKS, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM FAIRFIELD MUNICIPAL COURT
Case No. 2013TRD2066

Stephen J. Wolterman, 530 Wessel Drive, Suite 2A, Fairfield, Ohio 45014, for plaintiff-appellee

Heather Felerski, P.O. Box 181342, Fairfield, Ohio 45018, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Maria Eubanks, appeals her conviction in the Fairfield Municipal Court for failing to stop after an accident.

{¶ 2} On July 27, 2013, Eubanks was charged with failing to stop after an accident in violation of the Fairfield Municipal Code. The charge stemmed from an allegation that after Memories Bar closed in the early morning hours on July 27, 2013, Eubanks clipped the knee of Jacques Robinson, a bar employee, with her car as she was pulling out of a parking spot

in the parking lot of the bar, and left the scene of the accident. A bench trial was held on October 17, 2013. Eubanks, Robinson, and Robert Long, a friend of Eubanks who was with her that night, testified regarding the incident. At the conclusion of the trial, the trial court found Eubanks guilty as charged.

{¶ 3} Eubanks appeals, raising the following two assignments of error.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE CITY OF FAIRFIELD PRESENTED INSUFFICIENT EVIDENCE TO CONVICT APPELLANT OF LEAVING THE SCENE OF AN ACCIDENT.

{¶ 6} Assignment of Error No. 2:

{¶ 7} THE TRIAL COURT'S FINDING THAT APPELLANT WAS GUILTY OF LEAVING THE SCENE OF AN ACCIDENT IS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 8} Eubanks argues her conviction for failing to stop after an accident is not supported by sufficient evidence because the city failed to prove she knew she had been involved in an accident.[1] Eubanks also argues her conviction is against the manifest weight of the evidence because "there are sufficient differences between the witnesses' testimony to cause reasonable doubt as to [Eubanks'] guilt."

{¶ 9} Whether the evidence presented is legally sufficient to sustain a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). When reviewing the sufficiency of the evidence supporting a criminal conviction, an appellate court's function is to

---

1. The city asserts that Eubanks is prevented from raising a sufficiency argument on appeal because defense counsel failed to move for an acquittal pursuant to Crim.R. 29 either at the close of the city's evidence or at the close of all evidence, and cites *State v. LeMasters*, 11th Dist. Lake App. No. 2007-L-129, 2008-Ohio-2139, in support of its assertion. The city is mistaken. Since 2012 in our district, a defendant's failure to move for an acquittal pursuant to Crim.R. 29(A) or to renew the motion at the close of all evidence does not waive a challenge to the sufficiency of the evidence on appeal: in both a jury and nonjury trial, a defendant preserves his right to object to the alleged insufficiency of the evidence by entering a plea of not guilty. *See State v. Blake*, 12th Dist. Butler No. CA2011-07-130, 2012-Ohio-3124; *State v. McKinney*, 12th Dist. Butler No. CA2011-08-162, 2012-Ohio-4521.

examine the evidence admitted at trial, and upon viewing such evidence in a light most favorable to the prosecution, determine whether "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus; *State v. Layne*, 12th Dist. Clermont No. CA2009-07-043, 2010-Ohio-2308, ¶ 23.

{¶ 10} When considering whether a judgment is against the manifest weight of the evidence in a bench trial, an appellate court will not reverse a conviction where the trial court could reasonably conclude from substantial evidence that the state has proven the offense beyond a reasonable doubt. *State v. Godby*, 12th Dist. Butler No. CA2005-03-056, 2006-Ohio-205, ¶ 4, citing *State v. Eskridge*, 38 Ohio St.3d 56, 59 (1988). In conducting its review, an appellate court examines the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the trial court "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Cooper*, 12th Dist. Butler No. CA2010-05-113, 2011-Ohio-1630, ¶ 7.

{¶ 11} Eubanks was charged with failure to stop after an accident, in violation of Fairfield Municipal Code Section 335.13, which states:

> In case of accident or collision resulting in injury or damage to persons or property upon any public or private property other than public roads or highways, due to the driving or operation thereon of any motor vehicle, the person driving or operating the motor vehicle, having knowledge of the accident or collision, shall stop, and, upon request of the person injured or damaged, or any other person, shall give that person the driver's or operator's name and address, and, if the driver or operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, and, if available, exhibit the driver's or operator's driver's or commercial driver's license.

{¶ 12} In the case at bar, the relevant elements of Section 335.13 are: (1) an accident

or collision, (2) injury to persons or property, (3) knowledge of the accident or collision, and (4) a failure to stop and remain at the scene. Knowledge of the accident is an essential element of the offense of failure to stop after an accident, and the applicability of Section 335.13 is dependent upon the driver's knowledge of the accident or collision. *See State v. Neely*, 11th Dist. Lake No. 2004-L-197, 2005-Ohio-7045; and *North Olmsted v. Gallagher*, 2 Ohio App.3d 414 (8th Dist.1981) (respectively addressing R.C. 4549.02 and Section 335.12 of the North Olmsted Codified Ordinances, two statutory provisions very similar to Fairfield Municipal Code Section 335.13).

{¶ 13} At trial, Robinson testified that when Eubanks "gunned out" of the parking spot, she clipped his knee with her car and left the scene of the accident. Robinson testified he did not fall and pushed off Eubanks' car to get away. When asked whether he yelled or screamed when the car hit him, Robinson replied: "I said stop, but she has done – after I was – as many times as I told her it's time to go, it is time to go, it is time to go, she knew, because at that point when I did walk and look at her plate and I walked back up and said it is time to go, she cut the wheel."

{¶ 14} Long testified that as Eubanks pulled out of the parking spot, Robinson screamed, "she just tried to hit me." Long further testified that at no time did he see Eubanks' car strike Robinson, and that although Robinson was on the phone at the time of the incident, he did not say anything about being hit by a car.

{¶ 15} Eubanks testified she pulled out of the parking spot quickly and left the parking lot. Eubanks further testified she felt no impact on her car whether from Robinson's body or from Robinson slapping her car or putting his hands on her car, and had no knowledge of the accident until after she was pulled over by a Fairfield police officer. In fact, she believed she was being pulled over for a DUI and was surprised to hear about the allegation.

{¶ 16} Viewing the evidence in a light most favorable to the city, we find that the city

failed to prove Eubanks knew she had struck Robinson when she left the parking lot of the bar. There was no evidence presented that Eubanks had knowledge of the accident at the time she left the parking lot. Rather, the record shows that it was not until after she was later pulled over that Eubanks learned of the accident. The only suggestion in the record that Eubanks had any awareness of the accident prior to that time was Robinson's purely speculative statement that "she knew." Knowledge of the accident is an essential element of the offense of failure to stop after an accident, and the applicability of Section 335.13 is dependent upon the driver's knowledge of the accident. *See Neely*, 2005-Ohio-7045; *Gallagher*, 2 Ohio App.3d 414. Eubanks' conviction for failure to stop after an accident is therefore not supported by sufficient evidence and must be vacated. Eubanks' first assignment of error is sustained.

{¶ 17} Our determination that Eubanks' conviction for failure to stop after an accident is not supported by sufficient evidence moots her further argument that the conviction is against the manifest weight of the evidence, and we need not address that argument. *See State v. Ross*, 2d Dist. Clark No. 06CA0046, 2007-Ohio-3164; *State v. Rosa*, 7th Dist. Mahoning No. 12 MA 60, 2013-Ohio-5867; App.R. 12(A)(1)(c). Eubanks' second assignment of error is accordingly moot.

{¶ 18} Eubanks' conviction for failure to stop after an accident is therefore vacated, and Eubanks is discharged.

{¶ 19} Judgment reversed and Eubanks discharged.

HENDRICKSON, P.J., and PIPER, J., concur.