[Cite as *State v. Jones*, 2020-Ohio-857.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-06-095 |
| | : | O P I N I O N |
| - vs - | | 3/9/2020 |
| | : | |
| LANIQUE JONES, | : | |
| Appellant. | : | |


APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. 19TRD01989


Neal D. Schuett, City of Hamilton Prosecuting Attorney, 345 High Street, Hamilton, Ohio 45011, for appellee

Christopher P. Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for appellant


**S. POWELL, J.**

{¶ 1} Lanique Jones appeals her convictions in the Hamilton Municipal Court for improper backing and leaving the scene of an accident. For the reasons described below, this court affirms Jones' convictions.

{¶ 2} The charges arose after the Hamilton Police Department investigated allegations that Jones, after backing her white 2017 Dodge Durango out of her driveway,

struck the parked vehicle of Destinee Oatis and left the scene. The case proceeded to a bench trial. Oatis testified that she was sitting in her parked vehicle when she felt a "big bump." Her car alarm sounded. She saw that a white SUV had just hit her vehicle. She watched the SUV pull into a driveway. She thought the SUV was going to stop because of the accident. However, the SUV then pulled back out of the driveway and drove away. She did not see who was driving the SUV.

{¶ 3} Oatis reported the incident to police. She indicated that the impact caused some minor damage to the side of her vehicle. Oatis subsequently saw the white SUV parked in the same driveway and reported this to police. Oatis testified that she had lower back pain as a result of the incident and saw a chiropractor for three months.

{¶ 4} Officer Carla Browning testified that she investigates hit/skip offenses for the Hamilton Police Department and had been assigned to investigate this case. She spoke with Jones regarding the accident five days after it occurred. Jones told Officer Browning that she "remembered the incident, she was driving, said she was backing out and she heard the car alarm start going off. She said she didn't know what set it off, but she didn't hit anything." Jones also said that she saw someone attempting to flag her down, but she had to get her children to school and left because she did not think anything had happened.

{¶ 5} Officer Browning indicated that Jones later told her a different version of events, which was the same version of events that Jones set forth in a written statement concerning the incident. In the statement, Jones indicated that she left her home with her children and Tony Edwards, the father of her children. She saw a person standing across the street with a child. The person's car alarm was sounding. She did not know what caused the car alarm. She drove away without incident.

{¶ 6} Jones claimed she first became aware that she had been accused of being involved in an accident when, two day later, she saw police photographing her vehicle.

Jones further wrote: "I have prior damage to my car and I think she assumed I hit her car from the prior accident. I didn't hit her car." The written statement did not mention an individual attempting to flag her down.

{¶ 7} Officer Browning stated that she did not personally inspect either vehicle as part of her investigation but that she did examine photographs. She estimated that the impact would have occurred while Jones' vehicle was traveling at five miles per hour or less.

{¶ 8} Edwards testified during Jones' case-in-chief. He said he and Jones were placing their children in the car and as they were doing so they heard a car alarm sound. He was in the passenger seat as they left. He did not see anyone while Jones was backing up and the vehicle "never made contact with the truck or anything." Edwards added that Jones' vehicle had a safety feature that "won't allow you to back into anything" and, if triggered, would automatically shift the car into park and would only allow continued movement if the car was shifted to drive. Edwards testified that after they left the driveway they stopped at a stop sign and "we stopped there for a second, like we didn't like just pull off, because she – she even said in her head like, why is that lady going to think we hit their car and we didn't."[1]

{¶ 9} Jones testified that she heard the car alarm as she and Edwards were leaving their home and preparing to load their children into the vehicle. She backed up out of the driveway and drove away without incident. She did not recall telling Edwards that anyone would think she hit their vehicle. Jones reiterated that her Durango had backup safety features, including a large video screen displaying the rear view, as well as a backup warning system that would have prevented her from hitting another vehicle while reversing.

{¶ 10} Jones explained that Officer Browning had a "misunderstanding" concerning

---

1. On cross-examination, Edwards clarified that Jones made this statement aloud.

Jones' statement that the car alarm first sounded while she was reversing the vehicle. She confirmed that the car alarm was going off before she entered the vehicle. Jones also denied observing anyone attempting to flag her down.

{¶ 11} The state recalled Officer Browning for rebuttal. Officer Browning confirmed that Jones had told her that a person was waving at her, trying to get her attention. Officer Browning explained that she had notes confirming this statement and testified that she always takes notes at the time she speaks to people.

{¶ 12} The trial court took the matter under advisement and later held a hearing to announce its verdict. At the hearing, the court indicated that it found Oatis' testimony credible and further found that Jones had not provided truthful testimony. The court thereafter found Jones guilty of both charges. Jones appeals her convictions and raises two assignments of error.

{¶ 13} Assignment of Error No. 1:

{¶ 14} MS. JONES' RIGHT TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WAS VIOLATED AS THE STATE PRESENTED INSUFFICIENT EVIDENCE TO CONVICT HER OF STOPPING AFTER ACCIDENT UPON STREETS; COLLISION WITH UNATTENDED VEHICLE IN VIOLATION OF CITY OF HAMILTON ORDINANCE 335.12.

{¶ 15} In her first assignment of error, Jones argues that the state submitted insufficient evidence of knowledge to support her conviction for leaving the scene of an accident. Whether the evidence presented is legally sufficient to sustain a verdict is a question of law. *State v. Grinstead*, 194 Ohio App.3d 755, 2011-Ohio-3018, ¶ 10 (12th Dist.). When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State*

*v. Intihar*, 12th Dist. Warren CA2015-05-046, 2015-Ohio-5507, ¶ 9. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. This test "requires a determination as to whether the state has met its burden of production at trial." *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 34.

{¶ 16} The court convicted Jones of failing to stop after a motor vehicle accident in violation of Hamilton Codified Ordinances 335.12(a)(1). The language of the ordinance is identical to R.C. 4549.02(A)(1), which provides, in the case of a motor vehicle accident or collision on a public road or highway, "the operator of the motor vehicle, having knowledge of the accident or collision, immediately shall stop the operator's motor vehicle at the scene of the accident or collision." The applicability of 335.12(a)(1) is therefore "dependent upon the driver's knowledge of the accident or collision." *See Fairfield v. Eubanks*, 12th Dist. Butler No. CA2013-11-207, 2014-Ohio-3781, ¶ 12 (construing a substantively similar provision of the Fairfield Municipal Code). A person acts knowingly "regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). "A person has knowledge of circumstances when the person is aware that such circumstances probably exist." *Id.*

{¶ 17} Jones argues that both she and Edwards testified that she did not back into Oatis' vehicle. Jones also notes that both she and Edwards testified that her vehicle's backup safety features would have prevented her from backing into Oatis' vehicle.

{¶ 18} Despite this evidence, there was other evidence that would permit the factfinder to conclude that Jones had knowledge. Oatis testified that the collision caused a "big bump" and that her car alarm sounded. That the car alarm sounded simultaneously with the collision is consistent with Jones' initial statement to Officer Browning that she

heard the car alarm start while she was reversing. Jones also told Officer Browning that a person attempted to flag her down, but she did not stop. However, Jones later stated that no one flagged her down and she heard the car alarm before she entered the vehicle. That Jones' inconsistent and subsequent version of events attempted to minimize her involvement in, and potential knowledge of, the accident is itself probative of her knowledge. And significantly, Edwards testified that Jones made a remark that people would say she hit a vehicle. The foregoing was more than sufficient evidence to permit a reasonable factfinder to conclude that Jones was aware of the accident. Accordingly, this court overrules Jones' first assignment of error.

{¶ 19} Assignment of Error No. 2:

{¶ 20} MS. JONES' CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 21} In her second assignment of error, Jones argues that the greater weight of the evidence supported her acquittal of both charges. "A verdict can be against the manifest weight of the evidence even though legally sufficient evidence supports it." *State v. Myers*, 154 Ohio St.3d 405, 2018-Ohio-1903, ¶ 140. This is because, rather than determine whether the state has met its burden of production at trial, a manifest weight of the evidence challenge examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. To determine whether a conviction is against the manifest weight of the evidence, this court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, ¶ 168. This

- 6 -

court will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34.

{¶ 22} Jones argues that weight of the evidence did not support the improper backing conviction because Oatis was not credible. Specifically, Jones points to Oatis' testimony that the low-speed collision caused her back pain requiring chiropractic care. However, the trial court found that Oatis provided a "logical and rational version of events as she explained them." It is well established that this court defers to the trial court on credibility determinations and the weight to be given to the evidence presented at trial. *State v. Erickson*, 12th Dist. Warren No. CA2014-10-131, 2015-Ohio-2086, ¶ 42. It is equally well established that a conviction is not against the manifest weight of the evidence simply because the trier of fact believed the testimony offered by the prosecution. *State v. Crossty*, 12th Dist. Clermont Nos. CA2017-01-003 thru CA2017-01-005, 2017-Ohio-8267, ¶ 68.

{¶ 23} With respect to the leaving the scene of an accident conviction, Jones argues that the greater weight of the evidence supports her claim that she lacked knowledge of the accident. She argues that the safety features of her car would have prevented any accident, that Edwards corroborated her claim that there was no accident, and Officer Browning undertook no investigation to verify whether the damage on Oatis' vehicle could be matched to Jones' vehicle.

{¶ 24} This court does not find that the greater weight of the evidence supports the conclusion that Jones lacked knowledge of the accident. Ultimately, this issue hinged upon whether the court found Oatis or Jones more credible. As stated, the trial court found that Jones lacked truthfulness. The evidence supports this finding. Oatis was consistent while Jones was not. Jones' own witness testified that she made an inculpatory remark

immediately after the accident. That Officer Browning did not personally inspect the vehicles to attempt to match damage is inconsequential given the low-speed collision and lack of obvious damage to Jones' vehicle as portrayed in the photographs admitted into evidence. Because Jones' convictions were supported by the manifest weight of the evidence, this court overrules Jones' second assignment of error.

{¶ 25} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.